IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH BLACKBURN on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXCEL CAPITAL PARTNERS, LLC, and EXCEL STORAGE PRODUCTS, L.P.,<br><br>Defendants. | Civil Action<br><br>No. |

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiff Ruth Blackburn ("Plaintiff") alleges on behalf herself and a class of similarly situated former employees of defendants, by way of her Class Action Complaint against Excel Capital Partners, LLC and Excel Storage Products, L.P. (collectively, the "Defendants") by and through her counsel as follows:

**NATURE OF THE ACTION**

1. On September 17, 2010, Defendants terminated without notice the employment of its approximately 800 or so full-time employees and gave notice of intent to cancel their health insurance coverage effective September 30, 2010.

2. Plaintiff Ruth Blackburn was an employee of Excel Storage Products, L.P. until her termination on or about September 17, 2010.

3. The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part

1

of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

7. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

8. Plaintiff Ruth Blackburn was an employee of Excel Storage Products, L.P. and worked as the Vice President of Administration at the Defendants' facility located at 43001 South Industrial Park Road, Cadiz, Ohio (the "Cadiz Facility") until her termination on or about September 17, 2010.

### *Defendants*

9. Defendant Excel Capital Partners, LLC, is a Pennsylvania limited liability company with its principal place of business located at 200 Stanton Boulevard, Steubenville, Ohio and conducted business in this district.

10. Upon information and belief, Defendant Excel Capital Partners, LLC is the parent of Excel Storage Products L.P.

11. Excel Storage Products, L.P. is a Pennsylvania limited partnership with its principal place of business located at 830 Crowe Road, East Stroudsburg, Pennsylvania.

12. Defendants maintained and operated their corporate headquarters located at 830 Crowe Road, East Stroudsburg, Pennsylvania (the "East Stroudsburg) Facility"), and operated additional facilities as that term is defined by the WARN Act throughout the United States, including, but not limited to, California and Ohio (collectively the "Facilities").

13. Upon information and belief and at all relevant times, there was an overlap of officers and directors among the Defendants.

14. Until on or about September 17, 2010, the Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to one of Defendants' Facilities.

15. Upon information and belief, the Defendants made the decision to terminate the employment of the Plaintiff and the other similarly situated former employees.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

16. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 17, 2010, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about September 17, 2010, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

3

17. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

18. Upon information and belief, Defendants employed more than 800 employees nationwide, including approximately 150 employees at their East Stroudsburg Facility and 74 at their Cadiz Facility.

19. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

20. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

21. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

    (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

22. The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendants' Facilities and was terminated without cause on or about September 17, 2010, due to the mass layoffs and/or plant closings ordered by Defendants.

23. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiffs has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

24. On or about September 17, 2010, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

25. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

## Violation of the WARN Act, 29 U.S.C. § 2104

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

31. The Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things:

    (a)    The Defendants shared common ownership;

    (b)    The Defendants shared common officers and directors;

    (c)    All of the Defendants exercised *de facto* control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

    (d)    There was a unity of personnel policies emanating from a common source between Defendants; and

    (e)    There was a dependency of operations between Defendants.

32. On or about October September 17, 2010, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

33. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

34. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

35. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

36. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

37. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

38. The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

39. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

40. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

- A. Certification of this action as a class action;

- B. Designation of the Plaintiff as the Class Representative;

- C. Appointment of the undersigned attorneys as Class Counsel;

- D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and

- E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted

**Stember Feinstein Doyle Payne & Cordes**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Local counsel for Plaintiff and the putative class

Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000

Attorneys for Plaintiff and the putative Class